DANIEL BATCHELDER, *Administrator of* ZACHARIAH R. CILLEY
v. HYLOS TENNEY.

### *Embezzlement.*

Property must be taken with an intent of wrongfully abstracting it from the estate, to the injury of its assets, in order to constitute a case of embezzlement within the meaning of § 11 of chap. 50 of the Compiled Statutes.

The defendant leased his farm, on shares, to the intestate, after whose death, he openly harvested and secured the products of the farm, then upon it, claiming a joint ownership of them, but without denying the title of the estate or his liability to account to them for their share. *Held*, that these acts did not amount to, and had no tendency to show an embezzlement.

THIS was an action brought by the plaintiff as administrator upon the estate of Zachariah R. Cilley, against the defendant, in pursuance of section 11 of chapter 50 of the Compiled Statutes, which provides that " if any person, before granting letters testa-" mentary or of administration on the estate of a deceased person, " shall embezzle or alienate any of the goods chattels or effects of " such deceased person, such person shall stand chargeable and be " liable to the action of the executor or administrator of such " estate, for double the amount or value of the property so embez-

" zled or alienated, to be recovered for the benefit of such estate."
The declaration alleged that after the death of the intestate on the
17th day of September, 1852, and before the granting of letters of
administration upon his estate on the 12th day of October, 1852, the
defendant embezzled and alienated one hundred bushels of potatoes,
fifty pounds of butter, an undived half of three calves and sixty
bushels of apples belonging to said estate, &c. Plea, the general
issue; trial by jury, January Term, 1855,—UNDERWOOD, J.,
presiding.

It appeared that in the spring of 1852 the defendant leased a
farm, belonging to him, to the intestate for one year and by the
terms of their agreement, each was to have one-half the corn,
potatoes, apples, butter and cheese produced, and one-half the pro-
duce and growth of the cattle kept˙ on the place. The intestate
took possession of the place and occupied it until his decease and
during that time carried it on, with the assistance of his neighbors
during his sickness, in the manner contemplated in his agreement
with the defendant. After his decease, the corn was harvested
and divided between the defendant and the intestate's widow, and
a part of the apples and potatoes were harvested and taken by the
widow and the remainder by the defendant.

Three calves and three tubs of butter were also taken by the
defendant, who agreed with the widow to account to her for her
share of the butter when it should be sold. The defendant, when
he took said property, claimed to be a joint owner of it˙ with the
estate of the said Cilley, and it did not appear that he ever denied
the right of said estate to an equal interest with himself in said
property, or that he had ever refused or denied his liability to
account to them for their share of it. The county court decided
that, upon this showing, the plaintiff was not entitled to recover,
and directed a verdict for the defendant, to which the plaintiff
excepted.

*A. M. Dickey* for the plaintiff.

*W. Hebard* for the defendant.

The opinion of the court was delivered by
BENNETT, J. This is an action founded upon the 11th section

of chap. 50 of the Compiled Statutes, and brought to recover the penalty given by that section for the embezzlement of property. But, we think, there was no evidence in the case to prove an embezzlement.

It is quite clear that, under the contract between the defendant and the intestate for carrying on the farm, the defendant was a tenant in common with the intestate in the property which he took away. The cases in our own reports abundantly show this. And it also appeared that the defendant claimed to be joint owner of the crops with the estate of Cilley, and he did not deny the right of Cilley.

There was no secrecy in taking the property, and no concealment of it by the defendant, and no claim made to it, but as a tenant in common. The three calves were in the same situation. The butter he took by the consent of the widow of the intestate, and was to account to her for her share on the sale of it.

We think, to bring a case within this section of the statute, the act complained of must, at least, be done with the intent of wrongfully abstracting the property from the estate of the deceased, to the injury of its assets.

This, the evidence had no tendency to show. All, which the defendant did, was done under a claim of right, and the evidence in fact shows that his claim of right, as tenant in common, was well founded, and as such, he did not deny his liability to account to the estate of Cilley.

The judgment of the county court is affirmed.